UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brent Tiernan, et. al.,
        Plaintiffs,

vs

Sigma Capital, Inc. Retirement
Savings Plan, et. al.,
        Defendants.

Case No. C-1-09-905
(Dlott, J)
(Hogan, M.J.)

**REPORT AND
RECOMMENDATION**

      This matter is before the Court on Defendant Beneco, Inc.'s Rule 12(B)(6) Motion to Dismiss (Doc. 8), Plaintiff's Memorandum in Opposition to Defendant Beneco, Inc.'s Rule 12(B)(6) Motion to Dismiss (Doc. 13), and Defendant Beneco, Inc.'s Reply to Plaintiff's Memorandum in Opposition to Defendant Beneco, Inc.'s Rule 12(B)(6) Motion to Dismiss (Doc. 14).

      Plaintiffs are all participants in Defendant Sigma Capital, Inc. Retirement Savings Plan (the "Plan"), an employer-sponsored defined contribution plan subject to ERISA, sponsored by Defendant Sigma Capital, Inc. ("Sigma"). Plaintiffs bring the present action against four different Defendants to recover contributions and deductions that Sigma allegedly failed to remit to the Plan. With respect to Defendant Beneco, Plaintiffs contend that it breached its duty to collect contributions and deductions from Defendants Sigma or Mays.

## BACKGROUND

      Plaintiffs assert that Defendant Sigma was obligated to remit hourly contributions and deductions to the Plan on behalf of participants of the Plan. Plaintiffs, as participants in this Plan, allege that Defendant Sigma, "by an through Defendant Mays," withheld these hourly contributions and deductions from Plaintiffs' wages on a weekly basis but failed to remit the funds to the Plan. Plaintiffs claim that, at present, the Plan is owed approximately $22, 885.07 in delinquent contributions and deductions. (Doc. 1, Complaint at ¶¶ 12-13, 15, 17-18). Plaintiffs assert that Sigma was "contractually bound to plan documents establishing the Plan." (Id. at ¶ 10). Plaintiffs further allege that Defendant Beneco is also liable for such contributions and deductions. (Id. at ¶¶ 22, 29). Plaintiffs contend that Defendant Beneco, the master plan document sponsor[1], is a fiduciary because it exercises "discretion and control over the Plan and

---

[1] Pursuant to IRS Procedure 2005-15, §401, A master plan "is a plan (including a plan covering self-employed individuals) that is made available by a sponsor for adoption by employers and for which a single funding medium (for example, a trust or custodial account) is established, as part of the plan, for the joint use of all adopting

plan assets." (Id. at ¶8). They also allege that the Plan Documents do not impose any duty to collect delinquent employer contributions and deductions from Defendants Sigma or Mays, an omission they attribute to Defendant Beneco. (Id. ¶ 28). Specifically, Plaintiffs allege that "Defendant Beneco breached its fiduciary duties by including any provision in the trust agreement or any other plan documents that alleviated any duty to collect delinquent contributions and deductions from Defendant Sigma or Defendant Mays." (Id.).

## STANDARD OF REVIEW

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in a light most favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Miller v. Curris*, 50 F.3d 373, 377 (6th Cir. 1995). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to both "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct.1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 129 S. Ct. at 1949). Although the court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citing *Twombly*, 550 U.S. at 555) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Iqbal*, 129 S. Ct. at 1949).

It is well established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006); *Caudill v. Hollan*, 431 F.3d 900, 915 n.13 (6th Cir. 2005); *Dillery v. Sandusky*, 398 F.3d 562, 569 (2005). In response to Defendants' Motion to Dismiss, Plaintiffs entirely fail to address the arguments set forth by Defendant in its Motion to Dismiss. Plaintiffs' Memorandum in Opposition utterly fails to rebut Defendant's statement that Plaintiffs' First Cause of Action appears to focus on the alleged actions of Defendants other than Beneco. (Doc. 8, at p. 10 ). Plaintiffs, in their Memorandum in Opposition, merely quote the applicable statutory language under E.R.I.S.A., and reiterate the allegations of their Complaint which are directed at Defendant Beneco. (*See* Doc. 13, at pp.1-4). The sum total of Plaintiffs' legal

---

employers." Internal Revenue Service Revenue Procedure 2005-15, § 4.01.

analysis is contained in their statement, "[t]o be sure, plaintiffs allege that they are participants in the Plan, that Beneco and Mays are fiduciaries who exercise discretion and control over the Plan and plan assets, and that Beneco and Mays breached their fiduciary duties with respect to the Plan." (Id. at p. 4). We find that such a cursory attempt at responding to Defendants' Motion to Dismiss constitutes a waiver of any argument in opposition thereto. *See Johnson*, 440 F.3d at 846 (finding that appellants waived the issue on appeal based upon perfunctory mention of the issue in their brief,); *see also Caudill*, 431 F.3d at 915 (Plaintiffs' brief did not present any argument on behalf of particular plaintiff and thus that plaintiff waived her arguments on appeal); *Dillery*, 398 F.3d at 569 (holding that appellant waived issue which she "wholly failed to address in her appellate brief.").

Additionally, Plaintiffs' First Cause of Action makes no mention of having exhausted their administrative remedies with respect to their claim for benefits under 29 U.S.C. §1132(a)(1)(B). The Sixth Circuit has stated that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991). Like the Plaintiff in *Riverview Health Institute LLC v. Medical Mut. of Ohio*, Plaintiffs' Complaint is completely devoid of any "allegations detailing any efforts to pursue administrative remedies under any of ERISA plans." No. 3:07cv354, 2008 WL 4449482 at *7 (S.D. Ohio Sept. 30, 2008). This failure to exhaust their administrative remedies is fatal to their claim under 29 U.S.C. § 1132(a)(1)(B). We find, therefore, that this reason alone is sufficient to warrant dismissal of Plaintiff's First Cause of Action.

While we feel the reasons stated above are sufficient to warrant the granting of Defendant's Motion to Dismiss, we will address, albeit briefly, Defendant's alternative arguments for dismissal. Defendant Beneco argues that Plaintiffs' Complaint does not adequately allege that it has a fiduciary duty to collect delinquent employer contributions or deductions. Indeed, Defendant Beneco contends that it has no such fiduciary duty because it is not a fiduciary with respect to the Plan in question.

ERISA defines "fiduciary" as a person "who exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or . . . has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993). "In every case charging breach of ERISA fiduciary, ...the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Moreover, a fiduciary need not be named as a "fiduciary" in the plan documents to be one. Under ERISA, an individual can be a fiduciary for some functions, but not others. *Kuper v. Quantum Chemical Corp.*, 838 F. Supp. 342, 347 (S.D. Ohio Oct. 27, 1993), *judgment entered*, 852 F. Supp. 1389 (S.D. Ohio 1994), *aff'd Kuper v. Iovenko,* 66 F.3d 1447 (6th Cir. 1995); *see also Daniels v. National Employee*

*Benefit Services*, 858 F. Supp. 684 (N.D.Ohio June 30, 1994) (Plan documents need not make all named fiduciaries responsible for all plan functions but rather may name fiduciaries for separate functions).

Thus, "[t]o determine whether a person is a fiduciary with respect to a particular function at issue, the ERISA statute requires an examination of the discretionary authority or responsibility of the person with respect to that function." *Tregoning v. Am. Cmty. Mutual Ins. Co.*, 815 F. Supp.1054, 1058-60 (W.D. Mich. 1992), aff'd 12 F.3d 79 (6th Cir. 1993); *see also Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1459-60 (5th Cir. 1986) *cert. denied*, 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987). This examination requires and initial review of the ERISA plan documents. *Tregoning*, 815 F. Supp. at 1058-59 (citing *Coleman*, 969 F.2d at 61. As the court in *Tregoning* stated:

> [S]hould such a review fail to reveal any discretionary authority or responsibility as to the function at issue, a scrutiny beyond the formal allocation of responsibilities must be conducted; the actions of the person who is to be charged as a fiduciary for that function must be further considered. If neither level of review discloses evidence demonstrating that a person possessed or exercised discretionary authority or responsibility with respect to the function at issue, he is not an ERISA fiduciary for that function.

815 F. Supp. at 1059 (citing *Coleman* 969 F.2d at 62;, *Landry v. Air Line Pilots Ass'n International*, 901 F.2d at 418-19 (remanding the action to the district court for failing to consider the extent of the actual fiduciary authority possessed or exercised as to certain functions)). Plaintiffs' Complaint does not allege that the plan documents name Defendant Beneco as a fiduciary. Moreover, Plaintiffs do not allege that Defendant Beneco is the Trustee of the Plan. (Doc. 1, at ¶¶ 8, 11, 25).[2] Plaintiffs appear to allege that an independent fiduciary duty is created by Defendant Beneco's actions, as the master plan document sponsor, in drafting plan documents which do not allocate the duty to collect delinquent contributions. (Id. at ¶ 28). This theory misapplies the law under ERISA. The Supreme Court has made it abundantly clear that, "'[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans. When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust.'" *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999)(quoting *Lockheed Corp. v. Spink*, 517 U.S. 882, 889-90 (1996)). Thus, Defendant Beneco's failure to allocate the duty to collect delinquent contributions in its drafting of plan documents cannot be held to create an independent fiduciary duty under ERISA, obligating Beneco to perform such function. For this reason, we find that Defendant

---

[2] While in some circumstances a common law duty may exist for a trustee to "assure the full and prompt collection of contributions owed to the plan," *see Central States, Southeast and Southwest Areas Pension Fund v. Central Transport*, 472 U.S. 559, 571-73 (1985), Defendant Beneco is not alleged to be a trustee of the Plan and thus, this duty cannot be imputed to it.

4

Beneco is not a fiduciary with respect to the ERISA plan at issue. *Id.*

Additionally, because Defendant Beneco is not a fiduciary, Plaintiffs' Second Claim for Relief, brought pursuant to 29 U.S.C. §§ 1109 and 1132(a), fails. *See Mertens*, 508 U.S. at 253 (holding that ERISA §502(a)(2) and 409(a) "are, however, limited by their terms to fiduciaries.") Specifically, ERISA § 409(a), 29 U.S.C. § 1109 provides that,

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Thus, Plaintiffs cannot assert a claim for relief under 29 U.S.C. § 1109 against Defendant Beneco. *See Mertens*, 508 U.S. at 253

Plaintiffs' First Claim for Relief is predicated upon 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). (Doc.1 at ¶¶ 19 - 22). In addition to Plaintiffs' failure to exhaust their administrative remedies with respect to their claim under 29 U.S.C. §1132(a)(1)(B), Plaintiffs' claim for relief under 29 U.S.C.§ 1132(a)(3) fails because it seeks remedies which are not permitted under ERISA. Plaintiffs seek "to recover all unpaid contributions and deductions; interest; penalties; and the costs, expenses and fees involved in bringing this action, including attorney fees pursuant to 29 U.S.C. §1132 (g). Further, Plaintiffs seek any statutory injunction, make-whole remedy, or other equitable relief available under 29 U.S.C. § 1132(a)(3)." (Doc.1 at ¶ 22). ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) does not permit monetary relief from Defendant Beneco. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002) (finding that "suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' ...since they seek no more than compensation for loss resulting from defendant's breach of legal duty"); *see also Crosby v. Bowater Inc. Retirement Plan for Salaried Employees of Great Northern*, 382 F/3d 587, 594-95 (6th Cir. 2004) (holding that a "request for securitization of the debt [cannot] transmogrify [plaintiff's] claim for money judgment into an essentially equitable claim"). As such, we find that Plaintiffs' claim for relief under 29 U.S.C. § 1132(a)(3) against Defendant Beneco is impermissible.

For the reasons stated above, we find that Defendant Beneco's Motion to Dismiss (Doc. 8) should be GRANTED and Plaintiffs' Complaint be DISMISSED as against Defendant Beneco.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant Beneco, Inc.'s Rule 12(B)(6) Motion to Dismiss (Doc. 8) be GRANTED;

2) Plaintiff's Complaint be DISMISSED as against Defendant Beneco.

Date: 9/30/10

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\ERISA\Tiernan.mtd.wpd