UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENT D. TIERNAN, et al.,

    Plaintiffs,

vs.

SIGMA CAPITAL, INC. RETIREMENT
SAVINGS PLAN, et al.,

    Defendants

Case No. 1:09-cv-905

Dlott, J.
Bowman, M.J.

**ORDER**

This civil action is now before the Court on Plaintiff's motion to consolidate (Doc. 47) and non-party Cincinnati-Hamilton County Community Action Agency's (CAA) opposition memorandum. (Doc. 50). Plaintiff seeks to consolidate the instant action with *United States ex re. Charles Rink et al. v. Cincinnati-Hamilton County Community Action Agency*. S.D. Ohio 1:10-cv-510-MRB.

**I.    Background and Facts**.

In this ERISA action, brought pursuant to 29 U.S.C. § 1132(a), Plaintiffs' allege that Defendants Sigma Capitol Inc. Retirement Savings Plan; Sigma Capital, Inc.; Samuel P. Mays Jr.; and Beneco Inc. failed to pay approximately $22,000.00 into a retirement savings plan for each Plaintiff. (Doc. 1). In January 2010, the Clerk entered default as to Defendants Samuel P. Mays, Jr, Sigma Capital, Inc., Sigma Capital, Inc. Retirement Savings Plan. (Doc. 11). Thereafter, to avoid pre-judgment attachment of assets, Defendant Mays entered into an agreement in which he agreed to pay a total of $30,000.00 to satisfy any judgment entered by the Court against Defendant Mays on

1

Plaintiffs' claims. The Court memorialized this agreement in an Order dated March 18, 2010 and set out a payment schedule. (Doc. 25). Defendant Mays failed to make payments as outlined in the Order and filed for bankruptcy protection. This matter was stayed pending the bankruptcy proceeding. (Doc. 39).

Plaintiffs' then filed an adversary proceeding against defendant Mays in bankruptcy court. A stipulated judgment entry was entered in Adversary Action No. 11-1092 in Mays bankruptcy proceeding, Case No. 11-10926 in the United States Bankruptcy Court for the Southern District of Ohio. The Judgment provides that Mays failed to remit wage withholdings and contributions to retirement accounts on behalf of the Plaintiff's in this action in the total amount of $33,908.16 and that such amounts are non-dischargeable. (Doc. 50, Ex. A). On April 22, 2013, this Court lifted the stay in the instant action. (Doc. 48).

The case in which Plaintiffs' seek consolidation with, *United States ex re. Charles Rink et al. v. Cincinnati-Hamilton County Community Action Agency,* is a False Claims Act action, brought by Plaintiffs against CAA and Sigma Capitol Inc. The United States declined to pursue the matter. In this action, Plaintiffs' claim Sigma Capitol, Inc. presented false payroll reports to CAA who, in turn, "knowingly presented" these false payroll reports to the state of Ohio. As in the ERISA case, despite being properly served, Sigma Capital Inc. has failed to answer the complaint. Plaintiffs represent that they will soon be applying for an entry of default against Sigma Capital in the False Claims Act case, leaving CAA as the only Defendant in this matter.

Plaintiffs now seek to consolidate the two actions.

**II. Analysis**

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir.1993); *Mitchell v. Dutton*, Nos. 87–5574, 87–5616, 87–5632, 87–5638, and 87–5647, 1989 WL 933, at *2 (6th Cir. Jan.3, 1989). Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir.1992) (internal quotation marks and citation omitted).  In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that must be made thoughtfully .... [c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." 999 F.2d at 1011.  If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." Id.  The *Cantrell* Court further instructed that a court should consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id.* (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985) (citations omitted)).

Here, Plaintiffs contend that judicial economy favors consolidating the two cases because the witnesses and evidence for both cases will essentially be the same. Plaintiffs further assert that the parties are similar and the claims arise out of the same series of transactions, *i.e.*, the conduct of Mays and Sigma Capitol.  Plaintiff also maintains that they may be prejudiced without consolidation because a judgment in the ERISA could have *res judicata* effect on the False Claims Act case.  CAA, however, opposes consolidation, arguing, *inter alia*, that the cases involve different parties, law and alleged damages and that CAA would be unduly prejudiced by consolidation.  Upon close inspection, the undersigned finds that Plaintiffs' motion for consolidation is not well-taken.

First, the overlap between the cases is not as significant as Plaintiffs suggest. Notably, the instant ERISA action concerns the recovery of retirement contributions Plaintiffs' claim they are owed by Mays and the Sigma Entities.  In contrast, the False Claims Act case concerns whether certain prevailing wage reports were properly prepared by Sigma, and if not, whether CAA knew the reports were not properly prepared.  As noted by CAA, the evidence in the False Claims act will center on payroll reports and CAA's knowledge thereof, not whether Sigma Entities made certain payments to the ERISA plan in which Plaintiffs' participated.

Next, the cases are not in similar stages of development.  As detailed above, the Clerk has entered default against all of the remaining Defendants[1] in the ERISA case and Plaintiffs have obtained a judgment from the Bankruptcy Court providing that

---

[1] On November 5, 2010, Plaintiff's claims against Defendant Beneco were dismissed.  (Doc. 33).

4

Defendant Mays failed to remit wage withholdings and contributions to retirement accounts on behalf of the Plaintiffs in this action in the total amount of $33,908.16 and that such amounts are non-dischargeable. (Doc. 50, Ex. A).  Thus, Plaintiffs' claims in this action are essentially undisputed and at least one Defendant has admitted liability. The False Claims Act case, however, is still in the early stages of development with a discovery deadline of November 15, 2013.  Although Plaintiffs' contend that they will soon seek an entry of default against Defendant Sigma Capitol for its failure to answer or otherwise plead, CAA has answered the complaint and is actively litigating this matter.

Last, the Court finds that the substantial prejudice CAA outweighs the slight conservation of judicial resources that might be accomplished through consolidation. As noted above, the ERISA action involves workers allegedly deprived of contributions to their retirement plan by Sigma Entities, not CAA.  Notably, CAA is not a party to the ERISA action.  Moreover, the Clerk has entered default against all of the remaining Defendants in the ERISA action and Plaintiffs' contend that they will seek entry of default against Sigma Capitol in the False Claims Act.  Moreover, as detailed above, the ERISA case is nearing completion, while the False Claims Act is in the beginning stages of development.  Consolidation would greatly prejudice CAA by forcing it to become involved in the unrelated ERISA case, possibly delaying and/or prolonging the litigation and causing CAA to incur unnecessary legal expenses.

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion to consolidate (Doc. 47) is herein **DENIED.**

**IT IS SO ORDERED**.

          *s/Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge