UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENT D. TIERNAN, et al.,

    Plaintiffs,

vs.

SIGMA CAPITAL, INC. RETIREMENT
SAVINGS PLAN, et al.,

    Defendants

Case No. 1:09-cv-905

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This ERISA action is before the Court on Plaintiffs' motion for default judgment. (Doc. 55). The motion has been referred to the undersigned magistrate judge pursuant to local practice. *See* 28 U.S.C. § 636(b)(1)(A). I now recommend that Plaintiffs' motion be granted.

    **I.**    **Background and Facts**

This is an ERISA case in which Plaintiffs assert their former employer, Sigma Capital, Inc., by and through fiduciary Samuel P. Mays, failed to remit wage deductions and contributions to the Sigma Capital, Inc. Retirement Savings Plan. The Clerk has previously entered Sigma Capital, Inc., Samuel P. Mays, and Sigma Capital, Inc. Retirement Savings Plan in default. (Doc. 11). This matter has been stayed twice due to pending bankruptcy, criminal, and False Claims Act claims. (Docs. 39, 42, 45, 48). Plaintiffs successfully challenged fiduciary Samuel P. Mays' attempts to discharge these ERISA claims in bankruptcy court. (Doc. 55, Ex. 1, Bankruptcy Court Stipulated Judgment Entry). The bankruptcy court entered judgment in favor of Plaintiffs and

1

found the debts to Plaintiffs as asserted in this civil action to be nondischargeable. (*Id.*) Thereafter, fiduciary Samuel P. Mays was charged and convicted of theft and embezzlement from the Sigma Capital, Inc. Retirement Savings Plan, and the Court ordered restitution in favor of Plaintiffs. (Doc. 55, Ex. 2, Amended Judgment in a Criminal Case).

Based on the foregoing, Plaintiffs now seek default judgment against Defendants Sigma Capital, Inc. Retirement Savings Plan, Sigma Capital, Inc., and Samuel P. Mays, jointly and severally, as follows: $5,872.17 with respect to Plaintiff Tiernan; $4,933.76 with respect to Plaintiff Rink; $10,933.65 with respect to Plaintiff Heckle; $1,895.29 with respect to Plaintiff Beckett; $5,885.66 with respect to Plaintiff Arents; and $4,387.63 with respect to Plaintiff Falck. (Doc. 55, Ex. 1, Bankruptcy Court Stipulated Judgment Entry).

**II. Analysis**

Rule 55(b) (1) provides:

> If the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*Id.* In addition, Rule 55(b)(2) provides for entry of default judgment by the court upon application "[i]n all other cases," where additional investigation or hearing is required, such as where the claim is not for a sum certain, or where the defaulting party is a minor or incompetent person, or where the party against whom a default judgment is sought has appeared personally or by a representative.

Plaintiffs now seek default judgment Defendants Sigma Capital, Inc. Retirement Savings Plan, Sigma Capital, Inc., and Samuel P. Mays, jointly and severally, as follows: $5,872.17 with respect to Plaintiff Tiernan; $4,933.76 with respect to Plaintiff Rink; $10,933.65 with respect to Plaintiff Heckle; $1,895.29 with respect to Plaintiff Beckett; $5,885.66 with respect to Plaintiff Arents; and $4,387.63 with respect to Plaintiff Falck. (Doc. 55, Ex. 1). In support of the claimed amount, Plaintiffs' have submitted the Affidavit of Ryan Hymore, Esq., a copy of the Stipulated Judgment Entry in the Bankruptcy Case, and a copy of the Amended Judgment in the Criminal Case. (Doc. 55, Exs. 1, 2).

Upon careful review of the supporting evidence, the undersigned finds that Plaintiffs' request for default judgment is well-taken and is satisfied of the following in accordance with Rule 55(b)(1) and (b)(2), Fed.R.Civ.P.: (1) that Plaintiffs' claim is for a sum certain; (2) that the Defendant(s) is not a minor and is not incompetent; and (3) that Defendant(s) has not appeared personally or by counsel. Therefore, Plaintiffs' motion should be granted and a judgment should be entered against Defendants. *Accord Ironworkers District Council of So. Ohio & Vicinity Benefit Trust v. Reinforcing Services Co., LLC,* Case No. 3:09–cv–067, 2009 WL 4154905 (S.D.Ohio, Nov. 20, 2009).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:** (1) Plaintiffs' motion for default judgment (Doc. 55) be **GRANTED;** and (2) Judgment be entered against Defendants Sigma Capital, Inc. Retirement Savings Plan, Sigma Capital, Inc., and Samuel P. Mays, jointly and severally, as follows: $5,872.17 with respect to Plaintiff Tiernan; $4,933.76 with respect to Plaintiff Rink; $10,933.65 with respect to Plaintiff Heckle; $1,895.29 with

respect to Plaintiff Beckett; $5,885.66 with respect to Plaintiff Arents; and $4,387.63 with respect to Plaintiff Falck.

           *s/ Stephanie K. Bowman*
           Stephanie K. Bowman
           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENT D. TIERNAN, et al.,

    Plaintiffs,

vs.

SIGMA CAPITAL, INC. RETIREMENT
SAVINGS PLAN, et al.,

    Defendants

Case No. 1:09-cv-905

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).